UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLYDE H. MEANS,<br><br>    Petitioner,<br><br>vs.<br><br>JACK PALMER, et al.,<br><br>    Respondents. | Case No. 3:10-CV-00413-ECR-(RAM)<br><br>**ORDER** |

Petitioner has paid the filing fee. The court has reviewed his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit an amended petition.

Pursuant to a plea agreement, petitioner was convicted in the Fifth Judicial District Court of the State of Nevada for attempted sexual assault upon his 19-year-old son. The state court entered its judgment of conviction on July 10, 2007.[1] Petitioner appealed, and the Nevada Supreme Court affirmed on January 9, 2008. Petitioner then filed a post-conviction habeas corpus petition in state court on April 30, 2009. Ultimately, the Nevada Supreme Court determined on May 7, 2010, that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner then commenced this action.

---

[1] This is not the first judgment of conviction in petitioner's criminal proceeding. Petitioner received some sort of post-conviction relief, though he has not attached the order of the state court that granted him relief. See Means v. State, 103 P.3d 25 (Nev. 2004) (remanding for evidentiary hearing).

As a matter of form, the petition is confusing.  In place of writing out his grounds for relief, petitioner attached copies of documents that he had filed in various proceedings in state court.  The approach has its uses: Petitioner presents the same claims to this court that he presented to the state courts, avoiding the possibility that a ground is not exhausted pursuant to 28 U.S.C. § 2254(b).  However, in each federal-petition ground, petitioner attaches the entire state-court document, which in turn has multiple grounds.  For example, in ground 2 of the federal petition, petitioner has six separate claims for relief, themselves numbered grounds 1 through 6.  It is entirely possible for petitioner, respondents, and the court each to refer to "ground 3" and intend something completely different from what the others intended.  In an amended petition, petitioner will need to put each claim in its own, separately numbered ground.

Much of the petition also duplicates itself.  For example, ground 1(a) is a claim that petitioner's plea was unknowing and involuntary because he was not informed of the consequences of lifetime supervision for being a sexual offender.  He makes the same argument in ground 1 of ground 2 and also in part of ground 4.[2]  Ground 1(b), ground 2 of ground 2, and part of ground 4 are all the same claim that the prosecutor breached the plea agreement at the sentencing hearing by relying upon incorrect and unsubstantiated information in the pre-sentence investigation report.  In the amended petition, petitioner needs to eliminate the needless duplication of grounds.

Ground 1(c) is too vague to state a claim for relief.  Apparently, when the trial court first sentenced petitioner, it ordered that he pay $900 for a psychosexual evaluation.  Petitioner claims that when he was re-sentenced, the trial court put the same order in the new judgment of conviction.  Often, when a court enters an amended order or judgment, it includes directives that were in the original order or judgment but have already been satisfied.  Petitioner needs to allege that he actually paid $900 for another psychosexual evaluation.

Ground 3 is also too vague to state a claim for relief.  Petitioner attached two state-court documents to make this ground.  First, he attached an affidavit that rambles back and forth

---

[2] This is a good example of how referring to the grounds for relief is confused by petitioner's method of attaching entire state-court documents to each ground.

across events in this case.  Petitioner does not make any constitutional claim here, and the possibilities are numerous.  He needs to state discrete claims in his amended petition, because the court will not do that for him.  Second, he attached a motion for entry of default judgment in the state-court proceedings, and it is the mirror-image of the affidavit.  It contains no constitutional claims.

When petitioner submits his amended petition, he will need to attach a copy of every state-court decision.

IT IS THEREFORE ORDERED that the clerk of the court file the petition.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:10-CV-00413-ECR-(RAM), above the word "AMENDED."

IT IS FURTHER ORDERED, as per prior agreement and so that respondents may be electronically served with any amended petition and exhibits, that the clerk of court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her office.  Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED:   August 16, 2010

_____
EDWARD C. REED
United States District Judge