UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CLYDE H. MEANS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00413-ECR-(RAM)

**ORDER**

        Petitioner has submitted an amended petition for a writ of habeas corpus (#11). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

        Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Bowen v. Roe, 188 F.3d 1157, 1158-60 (9th Cir. 1999). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a plea agreement, petitioner was convicted in the Fifth Judicial District Court of the State of Nevada of one count of attempted sexual assault. That court entered its judgment of conviction on June 10, 2007. Petitioner appealed, and the Nevada Supreme Court affirmed on January 9, 2008. Petitioner's judgment of conviction became final on April 8, 2008, when the time expired to file a petition for a writ of certiorari in the Supreme Court of the United States. Three hundred eighty-seven (387) days later, on May 6, 2009, petitioner filed a post-conviction habeas corpus petition in the Fifth Judicial District Court. That court dismissed the petition as untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner appealed, and on May 7, 2010, the Nevada Supreme Court affirmed for the same reason. Remittitur would have issued by June 1, 2010, three hundred ninety-seven (397) days after the filed the petition. Nev. R. App. P. 41(a). Twenty-nine (29) days later, on June 30, 2010, petitioner mailed to this court his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6).

1    On its face, this action is untimely.  More than a year passed between the finality of petitioner's judgment and the filing of his state habeas corpus petition.  More than a year passed while the state habeas corpus petition was pending, and that time is not tolled pursuant to 28 U.S.C. § 2254(d)(2) because the state habeas corpus petition was untimely.  Pace, 544 U.S. at 417.  Adding the twenty-nine (29) days after the end of the state habeas corpus proceedings, a total of eight hundred thirteen (813) days passed between the finality of petitioner's judgment of conviction and the effective commencement of this action.  Petitioner will need to show cause why the court should not dismiss this action as untimely.

   Petitioner has submitted a motion for appointment of counsel (#12).  Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the petition, the court finds that the appointment of counsel is not warranted.

   IT IS THEREFORE ORDERED that petitioner has thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

   IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#12) is **DENIED**.

   DATED:  January 18, 2011

   _____
   EDWARD C. REED
   United States District Judge