# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLYDE H. MEANS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:10-CV-00413-ECR-(RAM)

**ORDER**

    The court ordered (#13) petitioner to show cause why this action should not be dismissed as untimely. Petitioner has submitted a statement of cause for delay, of manifest injustice, and actual innocence (#14). The court finds that petitioner has not shown cause for the untimeliness of this action, and the court will dismiss this action.

    Petitioner did note an error in the court's recitation of the procedural history of his case. The court had stated that petitioner's judgment of conviction was entered on June 10, 2007. It actually was entered on July 10, 2007. This error had no effect, because the calculations for timeliness depend upon when the judgment of conviction became final, not when the judgment of conviction was entered. See 28 U.S.C. § 2244(d)(1)(A).

    Petitioner next argues that the judgment of conviction became final on January 9, 2009, one year after the Nevada Supreme Court decided his direct appeal. This is incorrect. The judgment of conviction became final when the time for petitioner to file a petition for a writ of certiorari with the United States Supreme Court expired, on April 8, 2008. See Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009). See also Sup. Ct. R. 13(1).

Petitioner's main argument concerns the actions of his appellate counsel, Dan Winder. He alleges that Winder's office did not inform him of the conclusion of his direct appeal until February 24, 2009, even though the Nevada Supreme Court decided that appeal on January 9, 2008. Petitioner also alleges that Winder did not send petitioner's case file to him until April 22, 2009. Petitioner has attached copies of letters from Winder's office to his statement (#14). From this information, petitioner presents two arguments.

First, petitioner argues that the Nevada Supreme Court erred in determining that his state habeas corpus petition is untimely, which, in turn, would make those proceedings eligible for tolling pursuant to § 2244(d)(2). The Nevada Supreme Court's decision is not subject to review by this court. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The untimely state habeas corpus petition does not toll the period of limitation.

Second, petitioner argues that equitable tolling is warranted. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). Even assuming that petitioner did not know of the Nevada Supreme Court's decision on direct appeal until more than a year had passed since that decision, he has not shown either diligence or an extraordinary circumstance that prevented his timely filing. Petitioner filed a post-conviction petition in state court, and thus he could have filed a petition in this court, too, but he did nothing in this court for more than a year after learning of the direct-appeal decision. Only after the post-conviction proceedings concluded in state court did petitioner commence this action. Petitioner might have been concerned that his claims were not exhausted in the state courts before coming to federal court. See 28 U.S.C. § 2254(b). However, an unexhausted claim is not the same as an inability to present the claim. Section 2254(b) does not allow the court to grant relief upon an unexhausted claim, absent a waiver by respondents, but it does not prohibit petitioner from presenting an unexhausted claim. The Supreme Court of the United States was presented with the same question in Pace. It held, "A

prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citing <u>Rhines v. Weber</u>, 544 U.S. 269 (2005)).  Petitioner could have filed a federal petition simultaneously with his state petition. Instead, he waited, and that waiting was a lack of diligence.  Equitable tolling is not warranted in this action.

Reasonable jurists might find the court's conclusions on equitable tolling to be debatable or wrong, and the court will issue a certificate of appealability.

Petitioner mentions actual innocence in the title of his statement (#14).  The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).  Petitioner does not argue that any such evidence actually exists, and thus any claim of actual innocence is without merit.

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on whether the court is correct in its conclusion that equitable tolling is not warranted.

DATED: August 19, 2011.

_____
EDWARD C. REED
United States District Judge